[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED NOVEMBER 6, 1996
FACTS
The plaintiff, Susan Barese, filed a complaint on July 31, 1996, against James G. Clark, a Supervising State's Attorney for Geographical Area 6 in New Haven, alleging two counts of defamation, and one count each of fraud and intentional infliction of emotional distress. The complaint alleges that the defendant publicly revealed private information about the plaintiff which the defendant had previously promised the plaintiff would be kept confidential.
The plaintiff's complaint arises from statements allegedly made by the defendant subsequent to his successful prosecution of James Evans for assaulting and robbing the plaintiff and burglarizing her home. During this attack, Evans bit the plaintiff, breaking her skin.
According to the complaint, the defendant called the plaintiff to his office on the morning of Evans' sentencing hearing and informed her that Evans claimed to be infected with the HIV virus at the time CT Page 10168 Evans bit the plaintiff. The defendant allegedly told the plaintiff "no one will even know what's discussed here." (Complaint, ¶ 7.) The complaint further alleges that during the sentencing hearing later that day before Honorable Linda K. Lager, the defendant revealed Evans' claim that he was infected by HIV at the time Evans bit the plaintiff. The defendant allegedly further stated that "[w]e didn't have that information or he would have been charged with attempted murder." (Complaint, ¶ 8.) The defendant's sentencing remarks were allegedly reported by the local media, disclosing the information about the plaintiff's potential HIV infection.
On August 12, 1996, the defendant filed a motion to strike all four counts of the plaintiff's complaint on the ground that the defendant, "in his capacity as a State's Attorney, . . . is absolutely immune from liability for the tort claims alleged by the plaintiff." (Defendant's motion to strike.) As required by Practice Book § 155, the defendant filed a memorandum in support of his motion to strike, and the plaintiff filed a timely memorandum in opposition.
The threshold issue in the present case is whether absolute prosecutorial immunity, a special defense, can be raised on a motion to strike. While Connecticut courts have not ruled definitively on the propriety of raising absolute immunity on a motion to strike, the courts have addressed the propriety of using a motion to strike to raise other special defenses such as governmental immunity, statute of limitations and absolute privilege.
There is clearly a split of authority on whether a Motion to Strike is appropriate; or whether to raise a special defense subject to Motion for Summary Judgment (see e.g. Westport Taxi Service v. Westport TravelServices, 235 Conn. 1, 24, 664 A.2d 719 (1995). However that issue is no moment, because the defendant would fail under either theory.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 10169 state a claim upon which relief can be granted." (Internal quotation marks omitted; alteration in original.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). The motion to strike admits all facts well-pleaded. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2., 650 A.2d 153 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems v. BOC Group, Inc.,supra, 214-15. "The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix MedicalSystems v. BOC Group, Inc., supra, 215. "If facts provable under the allegations would support a defense or cause of action, the motion to strike must be denied." R.K. Constructors,Inc. v. Fusco Corp., supra, 384.
The defendant moves to strike all four counts of the plaintiff's complaint on the ground that, "in his capacity as a State's Attorney, he is absolutely immune from the tort claims alleged by the plaintiff." (Defendant's motion to strike). The defendant maintains that the plaintiff's tort claims are "barred by the doctrine of absolute immunity that shields prosecutors from claims premised upon the official acts of the prosecutor" because the defendant made the statements in his official capacity during a sentencing hearing. (Defendant's memorandum in support of his motion to strike, pp. 3-4.) In her opposition to the defendant's motion to strike, the plaintiff argues that the scope of prosecutorial immunity is limited to a prosecutor's advocacy function, and that the defendant's conduct does not fall within those limits. (Plaintiff's memorandum in opposition to defendant's motion to strike, pp. 1-3.) The defendant's term of "absolute prosecutorial immunity" is a misnomer.
The doctrine of "[p]rosecutorial immunity derives from the immunity attached to judicial proceedings."Massameno v. Statewide Grievance Committee,234 Conn. 539, 567, 663 A.2d 317 (1995); DeLaurentis v.New Haven, 220 Conn. 225, 241, 597 A.2d 807 (1991). "The key to the immunity . . . held to be protective to the prosecuting attorney is that the acts, alleged to have been wrongful, were committed by the officer in the performance of an integral part of the judicial process." (Internal quotation marks omitted.) DeLaurentisCT Page 10170v. New Haven, supra, 220 Conn. 242. See alsoMassameno v. Statewide Grievance Committee, supra,234 Conn. 567-68.
In particular, prosecutors are immune from tort liability for their conduct as participants in the judicial proceeding. DeLaurentis v. New Haven, supra,220 Conn. 242. However, "judges and prosecutors are not absolutely immune for actions taken outside the judicial arena." DeLaurentis v. New Haven, supra, 245 n. 6., citing Burns v. Reed, 500 U.S. 478, 11 S.Ct. 1934,114 L.Ed.2d 547 (1991) (prosecutor has only qualified immunity from civil rights liability for legal advice given to police).
Even if the court were to apply the above governmental immunity rule to the defendant's claim of absolute immunity in the present case,[1] because of the special privileged status afforded HIV-related information in Connecticut, it is not clear from the face of the complaint that the doctrine of absolute immunity shields the defendant from liability. Under General Statutes § 19a-583, "disclosure of confidential HIV-related information is prohibited except in very limited and discrete circumstances," Doe v. Marselle,236 Conn. 845, 854, 675 A.2d 835 (1996), none of which applies to the allegations of the present case.[2] In light of the statutory protection of confidential HIV information in Connecticut, it is not clear that the defendant is absolutely immune from liability for publicly revealing confidential information regarding the plaintiff's potential HIV infection during the sentencing hearing, especially since it is not apparent that the information was even relevant to the proceeding. See, e.g., Mandell v. ComprehensiveRehabilitation Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 466384 (June 30, 1995) (Holzberg, J., 14 CONN. L. RPTR. 418) (absolute privilege protected defendant's false statement in medical report that plaintiff was HIV positive because the report "was produced at the request of counsel for use in a judicial proceeding, and . . . [was] relevant to the . . . proceeding").
Furthermore, count three of the complaint alleges a fraud claim that appears to have arisen from the defendant's out-of-court promise to the plaintiff during CT Page 10171 a presentencing meeting not to reveal Evans' claim of HIV infection. Because the presentencing meeting occurred outside the courtroom and because it is uncertain whether the defendant's conduct during the presentence meeting was performed as an integral part of the judicial process, it is submitted that it is not clear from the allegations in the complaint that the defendant's conduct underlying the fraud claim is shielded by absolute immunity. See, e.g., DeLaurentisv. New Haven, supra, 220 Conn. 245 n. 6. ("prosecutors are not absolutely immune for actions taken outside the judicial arena"); Burns v. Reed, supra,500 U.S. 478 (prosecutor has only qualified immunity from civil rights liability for legal advice given to police).
Even if the court considers absolute immunity on the defendant's motion to strike, because of the statutory privilege surrounding confidential HIV-related information, and because some of the defendant's allegedly wrongful conduct occurred outside the judicial arena, it is not clear from the allegations in the complaint that absolute immunity shields the defendant from liability in the present case.